# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

YUTICO BRILEY

**Versus**                                          Case No. _____

**JASON KENT, WARDEN,**
**DIXON CORRECTIONAL INSTITUTE**

### MEMORANDUM IN SUPPORT OF SECTION 2254 PETITION

The petition of Yutico Briley # 579915, (petitioner) an inmate confined at the Dixon Correctional Institute, Jackson, Louisiana.

**1.)** On January 11, 2013, Yutico Briley, was charged by bill of information with count one, armed robbery with a firearm, a violation of *La. R.S. 14.64.3*, count two, convicted felon in possession of a firearm, a violation of *La. R.S. 14:95.11* and count three, resisting arrest, a violation of *La. R.S. 14:108*.

**2.)** On April 24, 2013, the petitioner was found guilty by a twelve-person jury with respect to count one, the charge of armed robbery with a firearm. He was found guilty by a Judge of resisting arrest.

**3.)** On June 17, 2013, with respect to the armed robbery with a firearm charge, the petitioner was sentenced to fifty years at hard labor without benefit of probation, parole, or suspension of sentence, with credit for time served, to run concurrently with the other sentences. With respect to the felon in possession of a firearm charge, petitioner was sentenced to twelve (12) years hard labor. On June 24, 2013, after a multi-offender hearing, he was adjudicated a double offender and resentenced to sixty (60) years at hard labor.

**4.)** Petitioner timely appealed the conviction to the Louisiana Fourth Circuit Court of Appeal and on October 1, 2014, the court denied petitioner's appeal in part and remanded for resentencing.

**5.)** Petitioner was thereafter resentenced by the trial court in January of 2015 to a five (5) year consecutive term for the firearm charge. Petitioner was thus sentenced to a total of sixty-five (65) years at hard labor.

**6.)** Petitioner did not file a Writ of Certiorari to the Louisiana Supreme Court because of his lack of counsel and knowledge of the law thus his time to do so expired.

TENDERED FOR FILING

NOV 05 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**7.)** On September 21, 2015, petitioner timely filed an Application for Post Conviction Relief to the Orleans Criminal District Court.

**8.)** On December 28, 2016, the Orleans Criminal District Court denied petitioner's Application for Post Conviction Relief without an evidentiary hearing.

**9.)** In January of 2017, petitioner timely filed an Application for Supervisory Writ and/or Review to the Louisiana Fourth Circuit Court of Appeal.

**10.)** On March 29, 2017, the Louisiana Fourth Court of Appeal denied petitioners application.

**11.)** In April of 2017 petitioner filed an Application for Supervisory and/or Remedial Writs to the Louisiana Supreme Court.

**12.)** On September 21, 2018, the Louisiana Supreme Court denied petitioner's application.

The Trial Court, Appellate Court, and Louisiana Supreme Court erred in denying petitioners applications and writs.

## REASONS FOR GRANTING CONSIDERATION

The continued incarceration of the petitioner would be a violation of his rights to Due Process of Law as; the trial court erred in denying the claims raised by the petitioner in his post-conviction proceeding, as well as the Fourth Circuit and Louisiana Supreme Court denying the claims; petitioner was denied effective assistance of trial counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

## LAWS AND ARGUMENT

The Fifth Amendment to the United States Constitution states [n]o person . . . shall be deprived of life, liberty, or property, without due process of law. U.S. Const., Amend. V; see also La. Const. art. 1 & 2. The Fifth Amendment is applicable to

Louisiana via operation of the Fourteenth Amendment to the United States Constitution. *U.S. Const. Amend. XIV*; See also **Board of Regents v. Roth**, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); **Jones v. City Parish of East Baton Rouge**, 526 So.2d 462, 465 (La. App. 1st Cir. 1988).

In evaluating Due Process claims, this court should inquire whether the practice "offends some principle of justice so rooted in the traditional and conscience of our people as to be ranked as fundamental." **Snyder v. Massachusetts**, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L .Ed. 2d 674  (1934). A stated by Justice Frankfurter, due process:

> Embodies a system of rights based on moral principles so
> deeply imbedded in the traditions and feelings of our people as
> to be deemed fundamental to a civilized society as conceived
> by our whole history.  Due Process is that which comports with
> the deepest notions of what is fair, right, and just.

**Solesbee v. Balkcom**, 339 U.S. 9, 16, 70 S.Ct. 457, 461, 94 L.Ed.2d 604 (1950).

The Due Process Clause will be validated upon actions that "violate those fundamental conceptions of justice which lie at the base of our civil and political institution and which define the community's sense of fair play and decency". **United States v. Lovasco**, 431 U.S. 783, 790, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752 (1977). The Supreme Court has defined the category of infractions that violate fundamental fairness very narrowly. **Dowling**, 493 U.S. at 352-53, 110 S.Ct. at 674. The primary guide in determining whether the principle in question is fundamental is, of course historical practice. **Montana v. Egelhoff**, 518 U.S. 37, 41-44, 116 S.Ct. 2013, 2017, 135 L.Ed.2d 361 (1996).

It is clearly understood by the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution, as well as Article 1 § 15 of the Louisiana Constitution of

1974, that before it is possible to have a valid criminal conviction or sentence, it is essential that the petitioner's Due Process Rights to a fair trial and Equal Protection of Law that is guaranteed under the United States and the State of Louisiana Constitution must protect an individual from the unjust convictions and sentences.

## INEFFECTIVE ASSISTANCE OF COUNSEL

**A.** Trial counsel failed to subpoena the alibi-witness offered by petitioner.

## LAW AND ARGUMENT

At the time and date of the allege crime petitioner was at the Evergreen Motel in Orleans Parish with Ms. Erin Hayden. On several occasions petitioner tried to convince all of his prior and present trial counsels to subpoena Ms. Erin Hayden as an alibi-witness on his behalf. He explained to all that she could verify that he and she were together at the time and date the crime was alleged to have been committed. He explained that by doing so she could establish petitioner's whereabouts during the allege crime.

Petitioner asserts that he suffered prejudice when all of his prior and present counsels failed to subpoena or file a motion for continuance to obtain alibi-witness such as Ms. Erin Hayden. Due to counsel's failure to contact said witness, petitioner lost out on an opportunity to present a witness in his favor, and was denied the opportunity to present her testimony to the jury.

Petitioner asserts that when counsel denied him his right to compulsory process for obtaining witnesses, that could have testified in his favor, counsels violated his Sixth and Fourteenth Amendments to the United States Constitution and Louisiana's Const. (1974), Article 1, 16, that guaranteed him the meaningful opportunity to present a complete defense, including the right to compel the attendance of witnesses in his favor.

4

See ***Washington v. Texas***, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923, 18 L. Ed. 2d 1019 (1967) ("The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. also See, ***Chambers v. Mississippi***, 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038 (1973).

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions, in ***Strickland v. Washington;*** the Supreme Court established a two prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome in the proceeding.

Petitioner appeared before the trial court for the appointment and determination of counsel. Thereafter, petitioner's initial attorney, Ms. Lauren Boudreaux was appointed. After petitioner's initial attorney, Ms. Lauren Boudreaux, filed a *Motion to Withdraw* from his case, he received two new appointed counsels. The attorneys were Mr. Michael Kennedy and Mr. Miles Swanson. Petitioner avers that at this point, petitioner had twice informed Ms. Lauren Boudreaux of his alibi witness, Ms. Erin Hayden, and mentioned a possible surveillance-video from the Evergreen Motel that would show they were there together.

Once Attorney's Mr. Michael Kennedy and Mr. Miles Swanson were appointed, which was only twelve (12) days prior to trial in this matter, petitioner went on to explain

to them that he and Ms. Erin Hayden were staying at the Evergreen Motel at the time and date that the crime took place. Petitioner asked them, just as he did Attorney Lauren Boudreaux, about subpoenaing this alibi witness and possibly the surveillance-video as well. However, Mr. Michael Kennedy and Mr. Miles Swanson did not even so much as call Ms. Hayden let alone subpoena her for trial. Their inactions displayed a deliberate indifference and was beyond the norms of professional responsibility by failing to either inquire or investigate whether petitioner's statement of defense had veracity to it or if there were in fact any other exculpatory witnesses or evidence that could be presented on behalf of petitioner.

Attorneys Kennedy and Swanson never once petitioned the court for a continuance where they could consult with petitioner's alibi witness nor did they try to obtain the surveillance-video that could have shown that the petitioner's alibi was true. Counsel's performance fell below the standard of reasonableness when two months elapsed and neither subpoenaed any exculpatory witnesses whom could testify to the whereabouts of their client, or subpoena the Evergreen Motel surveillance-video. The most basic or elementary duty of counsel is to investigate claims made by their clients, yet Attorney's Lauren Boudreaux  Mr. Michael Kennedy and Mr. Miles Swanson had two months to prepare a basic defense, therefore their inactions or actions cannot be considered a form of strategy. See *Wiggins v Smith*, 156 L.Ed. 2d. 471, 539 US 510, (6/26/2003).

Attorneys Kennedy and Swanson and petitioner orally appeared before the trial court on a *Motion to Suppress Identification*. This was the only meeting (a short one) with his new counsel prior to trial. Petitioner avers that at this point, he again informed

6

Attorneys Mr. Michael Kennedy and Mr. Miles Swanson of his alibi witnesses who could testify to his whereabouts. Again both attorneys' inactions displayed a deliberate indifference by failing to either present petitioner's statement of his alibi which was a crucial piece of information or the possible surveillance-video as evidence to his defense. Their inactions or actions cannot be considered a form of strategy; Rule 12.1: Notice of Alibi, Rule 12.1 requires defendants, upon government's request, to provide written notice of their intentions to offer an alibi defense. The government must then provide the defendant with the names, addresses and phone numbers of witnesses it intends to call at trial to establish the defendant at the scene of the offense or to rebut the testimony of the defendants alibi witnesses. None of this was done in petitioner's case.

However, Attorneys Mr. Michael Kennedy and Mr. Miles Swanson failed to summon the crucial witness that could testify as to her personal knowledge of where the petitioner was on the day and time when the alleged crime was committed. Subsequently, a crucial piece of evidence i.e., namely, the surveillance-video, was not allowed into evidence due to the Attorney's unprofessional actions by failing to subpoena the video, along with the custodian of the video, to testify to the authentification of that record. Due to the Attorney's unprofessional actions it's clear that they prejudicially deprived the petitioner of a meaningful defense.

The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the Attorney's conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result. *U.S. v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). The Sixth Amendment to the United States Constitution recognizes the right to the assistance

of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results.

In this instant matter for review petitioner's attorneys, Lauren Boudreaux, Michael Kennedy and Miles Swanson's unprofessional delays to summon alibi evidence that could rebut the testimony of State witnesses, as to their client's whereabouts at the time and date of the offense, lead to the finding of the petitioner's verdict of guilt. Petitioner continued to urge them to establish his defense by using his alibi; however, his plea fell on deaf ears.

The smoking gun of the ineffectiveness occurred when prior to trial the court appointed new counsels, whom had to follow the path of all the prior ill functioning, which then was precisely in the twilight zone of function, in which it occupied where a conviction was inevitable. 466 U.S. 668, 687 (1984). "[T]he purpose of the effective assistance guarantee of the Sixth Amendment is…. to ensure that criminal defendants receive a fair trial." id. at 689.

*Strickland* states that a court must: "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The circumstances identified within this brief reflect that all counsels were ill prepared and their performance fell below or outside of the range of professionally competent assistance.

Petitioner clearly satisfies *Strickland's* "two prong" test while the United States Supreme Court explains in ***U.S. v Cronic*** whether attorney's conduct so undermined the

proper functioning of the adversarial process that the trial cannot be considered to have produced a just result. In this case petitioner did show due diligence in trying to get his attorney's, Lauren Boudreaux, Michael Kennedy, and Miles Swanson, to subpoena his alibi witness, Ms. Erin Hayden, along with the surveillance-video from the Evergreen Motel.

Petitioner is asking this Honorable Court to review the above failure of the trial counsels failure to subpoena the alibi-witness offered by petitioner. Thereafter, granting relief and issuing an order for an evidentiary hearing.

## INEFFECTIVE ASSISTANCE OF COUNSEL

**B.**   Trial counsel failed to adequately prepare for trial.

### ARGUMENT

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions, in ***Strickland v. Washington***; the Supreme Court established a two prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome in the proceeding.

Here in the present case the State courts erred in denying petitioner's ineffective assistance of counsel claims. After his initial Attorney, Ms. Lauren Boudreaux, filed a *Motion to Withdraw* from his case, he received two new appointed counsels. The two new attorneys' were Mr. Michael Kennedy and Mr. Miles Swanson.

Petitioner asserts that when Mr. Kennedy and Mr. Miles took over his case, they immediately realized that they only had approximately twelve-days to prepare for trial. As a result they submitted an oral *Motion for Continuance* in order to extend their time to prepare for trial, or prepare a defense. However, the motion on petitioner's behalf was denied by the trial court.

> Just an appointment of counsel cannot be satisfied by mere formal appointment. See ***Avery v. Alabama,*** 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); ***Davis v. Alaska v.*** 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed. 347 (1974); and ***Powell v. Alabama,*** 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Also, a person who happens to be a lawyer and is present at trial alongside the accused, this however, is not enough to satisfy the constitutional command. See ***Strickland,*** supra at 685.

Petitioner alleges that because of counsel's deficient preparation before trial, and the trial court's Due Process violation, counsel's representation fell below an objective standard or reasonableness as measured by prevailing professional standards, and rendered the results of the trial unreliable and the proceedings fundamentally unfair. See, ***Strickland,*** 466 U.S. at 687, 104 S.Ct. at 2064; also see, ***State v. Winston***, 327 So.2d 380 (La. 1976); ***State v. Simpson***, 403 So.2d 1214 (La. 1981); and ***State v. Knight***, 611 So.2d 1381 (La. 1993).

Petitioner avers that he was prejudiced by counsel's deficient preparation to prepare for trial and to prepare an adequate defense that could have subjected the State's case to an adversarial testing as well as subpoenaing his alibi witness that could have rendered or resulted in the petitioner receiving a fair trial See, ***Strickland,*** supra, at 649-685

For the reasons stated above, petitioner avers that his Sixth Amendment Constitutional Right to Effective Counsel; his Fourteenth Amendment Right to Due

10

Process; his Louisiana Constitutional Right of (1974), Art. 1 § 16; the "Right to Present a Defense" & "Right to a fair trial", along with his Louisiana Constitutional Right of (1974), Art. 1 § 2 were all violated.

Therefore, petitioner is asking this Honorable Court to review the above failure to adequately prepare for trial, thereafter, granting relief and issuing an order for an evidentiary hearing.

## INEFFECTIVE ASSISTANCE OF COUNSEL

C. Trial counsel failed to timely subpoena surveillance-video, from the Evergreen Motel which could have proved petitioner's whereabouts at the time of the alleged incident.

## LAW AND ARGUMENT

Petitioner avers that he was arrested on November 27, 2012, and counsel did not timely subpoena the owners or employees of the Evergreen Motel for the surveillance-video until December 19, 2012. However, petitioner further asserts that, pursuant to the provisions of *La.C.Cr.P. Art. 521*:

> Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.

Therefore, petitioner asserts that he was prejudiced by counsel's deficiency to timely subpoena the owners or employees of the Evergreen Motel for the surveillance-video, which could have proved petitioner's whereabouts during the allege time and date the crime was committed, which could have exonerated him. See, ***State v. Legrand***, 2002-1462 (La. 12/3/03), 864 So. 2d. 89.

For this reason, petitioner avers that due to counsel's failure to timely obtain the surveillance-video, he was denied the chance to present exculpatory evidence to the jury

11

that could have rendered him a fair trial. Since the jury was denied the opportunity to hear or weigh the significance of the surveillance-video petitioner was subjective to an impartial and unfair trial. Petitioner suffered prejudice because he lost the opportunity to present exculpatory evidence to the jury that could have exonerated him of all charges.

Petitioner is asking this Honorable Court to review the above failure to timely obtain the surveillance-video from the Evergreen Motel. Thereafter, granting relief and issuing an order for an evidentiary hearing.

## INEFFECTIVE ASSISTANCE OF COUNSEL

**D.** Trial counsel failed to make any contemporaneous objections throughout petitioner's entire trial proceeding.

### ARGUMENT

Petitioner asserts that Attorney's Michael Kennedy and Miles Swanson did not make any contemporaneous objections throughout his entire trial which resulted in a slam-dunk for the State's case. Petitioner further asserts that he was prejudiced by counsel's deficient decisions not to utilize their professional judgment that is guaranteed and required of competent counsels that are functioning under Louisiana Bar Association. This is supposed to be constitutionally required and guaranteed by the Sixth Amendment.

In addition, petitioner avers that due to his trial counsel's deficient decisions not to lodge any contemporaneous objections throughout his entire trial proceeding, petitioner was deprived of a chance to preserve any issues for appeal, This would also mean those issues would not have a chance to be ruled on their merits.

See ***United States v. Sorondo***, 845 F.2d 945, 948-49 (11th Cir. 1988) (stressing the importance of contemporaneous objections) ***United States v. Turner***, 474 F.3d 1265, 1276 (11th Cir. 2007) (explaining that the purpose of requiring contemporaneous objections is (1) to protect judicial resources "by ensuring that the trial courts will have an opportunity to avoid errors that might otherwise necessitate time-consuming retrial," and (2) to "prevent counsel from 'sandbagging' the

courts by withholding a valid objection from the trial court in order to obtain a new trial when the error is recognized on appeal".

Petitioner asserts that his attorneys' were not acting or performing in accordance with the American Bar Association or the Louisiana Bar Association of their sought out professionalism that is guaranteed and required by all attorney's accepted by the Bar.

Due to his attorney's actions, his Sixth Amendment Right to effective assistance of counsel, his Fourteenth Amendment Right to Due Process was violated, along with not being afforded the Equal Protection of the Fourteenth Amendment that is required under the United States Constitution. In addition, petitioner further asserts that according to Article 1, 16 of the Louisiana Constitution, a criminal defendant is guarantee[d] the meaningful opportunity to present a complete defense. Petitioner was denied the right to establish an adequate and effective appeal due to counsel's failure to preserve any issues for appeal by refusing to make any objections. See, ***McMann v. Richardson***, 397 U.S. 759, 771, n. 14, 90 S. Ct. 1441, 1449, n. 14, 25 L. Ed. 2d 763 (1970); ***State v. Washington***, 85-2339 (La. 7/18/86), 491 So.2d 1337, 1339; See *Powell*, supra.

Petitioner is asking this Honorable Court to review the above failure to make any contemporaneous objections throughout his entire trial proceedings. Thereafter, granting relief and issuing an order for an evidentiary hearing.

## CONCLUSION

Petitioner, Yutico Briley, prays that this Honorable Court will agree that he has demonstrated his entitlement to habeas corpus relief under *28 U.S.C. § 2254* or, in the alternative, set this matter for an evidentiary hearing where evidence can be presented in his behalf.

13

**Respectfully Submitted:**

_____
Yutico Briley # 579915
**Dixon Correctional Institute**
**P.O. Box 788 Unit-2 Dorm-4**
**Jackson, La.70748-0788**

## CERTIFICATE OF SERVICE

I, Yutico Briley, hereby certify that I have served a copy of this Petition for Habeas Corpus Relief under 28 U.S.C. § 2254 to the District Attorney of Orleans Parish, State of Louisiana, by placing the same in the United States Mail, postage prepaid, on this 26th day of October, 2018, from Jackson, La.

_____
**Yutico Briley # 579915**

Yutico Briley #579915
P.O. Box 788 4-2 D-4
Jackson, La
70748-0788

United States District Court
Eastern District of Louisiana
500 Poydras St., C-151
New Orleans, La. 70130